IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CR-219-BR-2

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| MONTE MAURICE GRIFFIN, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court yesterday for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. At the hearing, defendant presented no evidence. At the court's request, the government provided a brief proffer of the evidence supporting its case. For the reasons stated below, the government's motion is GRANTED.

## Background

Defendant was charged in 2 counts of a 5-count indictment on 13 September 2016 with: conspiracy to distribute and possess with the intent to distribute a quantity of cocaine base (*i.e.*, crack) beginning on a date unknown and continuing up to 15 March 2016 in violation of 21 U.S.C. § 846 (ct. 1) and distribution and possession with intent to distribute a quantity of cocaine base on or about 9 March 2016 in violation of 21 U.S.C. § 841(a)(1) (ct. 4). Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies. The court finds that defendant, having presented no evidence, failed to rebut the presumption of detention. In accordance with this presumption, the court finds that there is no condition or combination of conditions that would reasonably assure the appearance of defendant as required and the safety of the community before trial if he were released.

Alternatively, the court finds that the proffer of the government and the information in the pretrial services report show by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community and by a preponderance of the evidence that there is no condition or combination of conditions that would reasonably assure the appearance of defendant as required before trial if he were released. This alternative finding is based on, among other facts, the drug-related nature of the charges against defendant, the potential term of imprisonment he faces if convicted, the strength of the government's case against defendant, the danger of continued drug-trafficking activity by defendant if released, and his criminal record.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This 22nd day of September 2016.

James E. Gates
United States Magistrate Judge